MARGARET A. HOGAN, as Administratrix of the Estate of
    FRANK HOGAN, Deceased, Respondent, v. NEW YORK
    CENTRAL AND HUDSON RIVER RAILROAD COMPANY,
    Appellant.

Railroads — master and servant — injury to railroad employee
riding on steps of locomotive crushed by jamb of door through
which locomotive was passing — contributory negligence of such
employee.

An hostler at the roundhouse of a railroad company jumped on
a step of the locomotive as it was being taken by his assistants from
the roundhouse to a water tank, and as he was standing on the step,
before he had got in the engine cab, was struck by the jamb of the
door through which the locomotive was passing and was killed.
The negligence charged against the defendant was the insufficiency
of the space between the locomotive and the side of the doorway.
*Held*, that in the absence of proof that any duty might require such
employee to board a moving engine about to pass through the
doorway, the defendant cannot be held guilty of negligence in not
providing against such a contingency and that, under the cir-
cumstances, the plaintiff's intestate was guilty of contributory
negligence.

*Hogan* v. *N. Y. C. & H. R. R. R. Co.*, 155 App. Div. 877, reversed.

(Argued May 14, 1913; decided June 3, 1913.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the fourth judicial department,
entered January 10, 1913, affirming a judgment in favor
of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*W. A. Matson* for appellant. The defendant was not
guilty of negligence. (*Stickles* v. *N. Y. C. & H. R. R.
R. Co.*, 131 App. Div. 923; *N. Y., N. H. & H. R. R. Co.*
v. *Dailey*, 179 Fed. Rep. 592.) Plaintiff's intestate was
guilty of contributory negligence as a matter of law.

(*Berry* v. *U. B. L. S. R. R. Co.*, 181 N. Y. 198; *Moylan* v. *S. A. Ry. Co.*, 128 N. Y. 583.)

*James E. Newell* and *Harry E. Newell* for respondent. The question of defendant's negligence in maintaining the doorway with its sides unnecessarily and dangerously near the cabs and tenders of passing engines was for the jury. (*S. L., I. M. & S. Ry. Co.* v. *Conley*, 187 Fed. Rep. 949; *Harvey* v. *Texas & P. Ry. Co.*, 166 Fed. Rep. 385; 184 Fed. Rep. 990; *Texas & P. Ry. Co.* v. *Johnson*, 106 S. W. Rep. 773; *N. Y. N. H. & H. R. R. Co.* v. *Dailey*, 179 Fed. Rep. 592; *Fitzgerald* v. *N. Y. C. & H. R. R. R. Co.*, 88 Hun, 359; 37 App. Div. 127; *Wallace* v. *C. V. R. R. Co.*, 138 N. Y. 302; *Hunter* v. *N. Y., O. & W. R. R. Co.*, 116 N. Y. 615; 1 Shearman & Redfield on Neg. [5th ed.] § 198; *Brown* v. *N. Y. C. & H. R. R. R. Co.*, 42 App. Div. 548; 166 N. Y. 626; *Dorsey* v. *P. & C. C. Co.*, 42 Wis. 583; *Keist* v. *C. C. & W. Ry. Co.*, 110 Iowa, 32.) The question of Hogan's contributory negligence was for the jury. (*Grief* v. *Buffalo L. & R. Co.*, 205 N. Y. 239; *Dick* v. *Steel & Masonry Const. Co.*, 153 App. Div. 651; *Weston Real Estate Trustees* v. *Hughes*, 172 Fed. Rep. 206; *Ballinger* v. *Crystal Sand Co.*, 232 Penn. St. 636; *Dorsey* v. *P. A. C. Co.*, 42 Wis. 583; *N. & W. R. R. Co.* v. *Beckett*, 163 Fed. Rep. 479; *T. & P. Ry. Co.* v. *Swearingen*, 196 U. S. 51; *Harvey* v. *T. & P. Ry. Co.*, 166 Fed. Rep. 385; *Sweet* v. *M. C. R. R. Co.*, 87 Mich. 559; *West* v. *C., B. & Q. Ry. Co.* 179 Fed. Rep. 801.)

CULLEN, Ch. J. The action is brought by the personal representatives of a servant against his master to recover for the death of the intestate claimed to have been caused by the master's failure to provide a safe place to work. The deceased was a hostler at the defendant's roundhouse in Rochester, whose duty it was to take charge of a locomotive which had been brought in by the engineer at the end of his run, place it in the roundhouse and prepare it

for use on the next run.   The deceased had under him a
fireman and assistant.   The deceased had been standing
inside the roundhouse from three to eight feet from the
doorway conversing with the foreman, who instructed him
to prepare for use two other engines then in the round-
house.   The fireman and assistant had taken the engine
into the roundhouse, placed it on the turntable and were
taking it out to a water tank seventy-five feet away to fill
the engine tank with water, then to place it on a side
track ready for the engineer to take it on a regular trip.
As the engine was moving at a speed of from three to
four miles an hour the deceased jumped on it, catching
hold of the grab handles, but while he was standing on
one of the steps, and before he had got into the engine
cab, he was struck by the door jamb and killed.

The negligence charged against the defendant was the
insufficiency of the space between the engine and the side
of the doorway.   The roundhouse had been built some
forty years before, since which time the size of the engines
had been increased.   The engine which the deceased
attempted to board was one of the larger kind in use by
the defendant, overhanging the rails thirty inches, and
leaving a clear space between it and the side of the door-
way of eight inches.   Between an engine of the smaller
kind and the doorpost the clear space would have been
sixteen inches.   Evidence was given on behalf of the
plaintiff that in another roundhouse of the defendant the
clearance between a large engine and the door jamb was
fourteen inches; that in one recently erected by the defend-
ant the clearance was twenty inches, and that in various
roundhouses of other railroads the clearance was twelve
and one half to fifteen inches.

The respondent relies on the numerous cases in which
it has been held negligence to locate structures of various
kinds so near the tracks of a railroad as to injure the
crews of moving trains.   This rule has been held as to
spouts of water tanks, mail cranes, signal posts and the

like, and would apply to the case of a doorway so narrow as to endanger the safety of employees while on an engine. But it is not applicable to the present case. The crew of a train are often obliged, in the discharge of their duties, to place some parts of their bodies beyond the limits of the cars or engines. Brakemen on freight trains are obliged to go to the top of the cars, and on many cars to mount by ladders at the side of the cars instead of at the end. Engineers and firemen often are compelled to put their heads out of the cabs, looking for signals. Of course, it would be impossible for one of the crew on a rapidly-moving train to remember the location of the structures or to guard against contact with them. But entry into or exit from a closed building, through a doorway, is a very different matter. Every one going through a doorway must be conscious of its presence and govern his movements in accordance with its size and location. The question really is this: "Is the master required to provide a doorway so large that not only the occupants of the vehicles but persons holding on to the outside of the vehicles may pass through with safety?" If the rule applies to engines it would seem to equally apply to other vehicles, and the doors of carriage houses, barns and the like must be large enough to permit persons standing on the steps of vehicles to pass through. As already said there is no suggestion that the doorway was not sufficient for the safety of the employees in the engine. In this the case differs vitally from that recently decided by the Supreme Court of the United States (*Texas & Pacific Ry. Co.* v. *Harvey,* 228 U. S. 319). There was nothing calling upon the deceased to mount the engine at this time or place. The fireman and assistant were operating the engine, had run it into the house and were running it out. True, the deceased would have been justified in boarding the engine whenever he could do so safely; but the engine was to proceed only seventy-five feet from the door of the roundhouse to the

water tank, where it would be stopped. The deceased had merely to walk after it. If, however, for any purpose, he wished to board the engine there was no reason why he should not have had it stopped. Even had the clearance been the greatest shown to exist in any of the roundhouses mentioned, either those of the defendant or of the other roads, it would have been insufficient to allow a person standing on the steps to pass the doorway in absolute safety. As stated by witnesses for the plaintiff, twenty inches clearance would permit one to pass only when holding his body sideways to the door and "squeezing" if he were of large size. In the absence of proof that any duty might require an employee to board a moving engine, about to pass through a doorway, the defendant cannot be held guilty of negligence in not providing against such a contingency. It is equally clear that the plaintiff's intestate was, under the circumstances, guilty of contributory negligence. The motion for a nonsuit should have been granted.

The judgment should be reversed and a new trial ordered, costs to abide the event.

GRAY, WILLARD BARTLETT, CHASE, CUDDEBACK and MILLER, JJ., concur; HOGAN, J., not voting.

Judgment reversed, etc.